**COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, CLC, Plaintiff,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMPANY, Defendant.**

**Civ. A. No. 94–1076 (JR).**

United States District Court, District of Columbia.

Oct. 13, 1995.

**4**

Patricia M. Shea, Communications Workers of America, AFL–CIO, Washington, D.C., for Plaintiff.

Stephen W. Robinson and Thomas J. McGonigle, McGuire, Woods, Battle & Booth, Washington, D.C., for Defendant.

*MEMORANDUM*

ROBERTSON, District Judge.

Plaintiff, Communications Workers of America, AFL–CIO, CLC ("CWA"), and defendant, American Telephone & Telegraph Company ("AT & T"), are parties to a collective bargaining agreement. CWA instituted this lawsuit pursuant to Section 301 of the Labor–Management Relations Act, 1947, 29 U.S.C. § 185, alleging that AT & T breached the agreement by failing to provide back pay and service benefits to a reinstated employee after an arbitrator determined that AT & T had dismissed him without just cause. Before the Court are the parties' cross-motions for summary judgment.

## 1. Background

AT & T dismissed Devoid Williams on October 11, 1993, for unsatisfactory attendance. CWA challenged the dismissal on the basis that AT & T acted without just cause. After an informal resolution of the grievance was not forthcoming, CWA demanded arbitration of the dispute pursuant to Article 7, paragraph 2, of the collective bargaining agreement. That paragraph reads in relevant part:

> The Arbitrator's authority shall be confined to a determination of whether or not the COMPANY had just cause to DISMISS, suspend or place the grievant on INTERIM STATUS. If the Arbitrator should determine that the COMPANY lacked just cause, the employee shall be entitled to back pay at the employee's ADJUSTED RATE less interim earnings and any unemployment compensation received, and service credit for the period of absence caused by the action of the COMPANY.

Plaintiff's Complaint ¶ 6.

Arbitrator James P. Whyte heard the case on February 10, 1994. Both parties presented evidence. The parties agree that the proceeding was conducted in a fair and impartial manner. Arbitrator Whyte was given a pre-printed form on which he was to render his decision. The form read in relevant part:

> The parties agree to submit the Grievance ... to Arbitrator James Whyte under the

provisions of Paragraph 2 of Article 7. The parties agree that the issue is: Did the COMPANY have just cause to DISMISS ... the Grievant, Devoid Williams, on October 11, 1993.

At the bottom of the form were two choices for the arbitrator, "The COMPANY had just cause," and, "The COMPANY did not have just cause." A box could be checked next to each option. Beneath these words were two lines on which the arbitrator could write comments.

On February 15, 1993, Arbitrator Whyte rendered his decision. The Arbitrator checked the box indicating that AT & T did not have just cause to dismiss Williams. He also wrote, on the comments line:

> Grievant accorded disparate treatment: denied make-up opportunity to work during vacation day or during shutdown. Reinstated at Level IV. Back pay and other benefits, if any, denied.

The parties agree that they do not know whether Arbitrator Whyte (a) was unaware that the collective bargaining agreement did not give him the authority to decide the pay and benefits question, or (b) was aware of, but ignored, the express language of the agreement. In any case, AT & T takes the position that it must comply with the Arbitrator's ruling and refuses to give Williams back pay and service benefits.

CWA argues that the Arbitrator's denial of pack pay and benefits exceeded his authority. CWA seeks enforcement of the portion of the Arbitrator's award that addressed the issue committed to him by the collective bargaining agreement and asks that the portion that exceeded his authority, the denial of back pay and benefits, be vacated. CWA also seeks an order compelling AT & T to provide back pay and benefits to Williams.

AT & T concedes that the Arbitrator exceeded his authority when he ventured into the remedy phase of Williams' grievance. It concedes, further that, under the agreement, an employee found by an arbitrator to have been dismissed without just cause must be reinstated with back pay and benefits.

AT & T argues, however, that the arbitrator's mistake requires me to vacate the entire award, including the determination that AT & T lacked just cause, and send the matter back. AT & T asserts that this is the proper course because, without the benefit of a full opinion from the arbitrator, his reasoning and his knowledge of the terms of the agreement cannot be determined. AT & T speculates that "had Arbitrator Whyte known he had no authority to fashion a remedy, he may have found that the Company had just cause" to fire Williams. Defendant's Reply at 5, n. 3. Finally, AT & T argues that the entire matter must re-arbitrated before a different arbitrator because Arbitrator Whyte is *functus officio*.

## 2. Analysis

Courts exercise only limited review of the merits of an arbitrator's decision in a labor dispute, but they retain full authority to vacate awards that fail to confine themselves to matters within the scope of the arbitrator's assigned jurisdiction. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). This rule reflects the principle that arbitration is a matter of contract, and that an arbitration award must draw its essence from the parties' collective bargaining agreement. *Id.*; *AT & T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

The parties agree, and I find, that Arbitrator Whyte's decision that back pay and service benefits not be awarded to Devoid Williams was not asked for by the parties, and that it was not authorized by the parties' collective bargaining agreement. It is therefore unenforceable.

On the other hand, the parties got exactly what they bargained for with respect to the issue of whether Williams' dismissal was for just cause. Arbitrator Whyte's decision on that question is unequivocal and unambiguous: "The company did not have just cause."

AT & T's argument that "had Arbitrator Whyte known he had no authority to fashion a remedy, he may have found that the Company had just cause" has no basis in fact. It is entirely speculative, and it is unpersuasive.

The arbitrator's stated basis for his decision is clear and succinct and forecloses any legitimate speculation as to his reasons or intentions.

AT & T's further argument that this case must be remanded to a different arbitrator is against the weight of authority. It is firmly established within federal labor law that a district court may, in the context of a Section 301 proceeding, resubmit an existing arbitration award to the original arbitrator for an interpretation or amplification. *See Local 2222, 2320–2327, Int'l Brotherhood of Electrical Workers, AFL–CIO v. New England Telephone and Telegraph Co.*, 628 F.2d 644, 647 & n. 4 (1st Cir.1980) (citing cases). Indeed, a Supreme Court decision cited by defendant says as much. *See, United Paperworkers Int'l v. Misco, Inc.*, 484 U.S. 29, 40–41, 108 S.Ct. 364, 372, 98 L.Ed.2d 286 (1987).

█ It is within this Court's power to vacate those portions of an arbitrator's award which exceed its authority, while enforcing the remainder. *See, United Food and Commercial Workers v. United Markets*, 784 F.2d 1413 (9th Cir.1986). Because I find that Arbitrator Whyte exceeded his authority with respect to the back pay issue, but rendered an enforceable decision with respect to the just cause issue, I will issue an order enforcing his "no just cause" finding and vacating his denial of back pay and benefits.

Plaintiff asks that I issue an order compelling the payment of back pay and benefits. Given the clarity of Article 7, Paragraph 2, which directs that back pay and benefits be awarded upon a finding that AT & T lacked just cause for a dismissal, there is persuasive authority suggesting I have the power to grant plaintiff's request. *See, United Markets, supra*, 784 F.2d at 1416 (given clear language of agreement, not error to enforce agreement rather than remand); *American Postal Workers v. United States Postal Service*, 682 F.2d 1280, 1285 (9th Cir.1982) (remand unnecessary when "futile"), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983). Because AT & T has conceded in its briefs that the plain language requires the payment of back pay and benefits, however, I find it unnecessary to issue such an order at this time.

An appropriate order accompanies this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum, it is this 13th day of October, 1995, **ORDERED** that

1. The arbitration award in Grievance # 117(10–93)7EXP is vacated with respect to its denial of back pay and service benefits to Devoid Williams.

2. The award shall be enforced in all other respects.